J-S07022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ABDUL RASHEED :
:
Appellant : No. 871 WDA 2020

Appeal from the PCRA Order Entered July 20, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013839-2016

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 20, 2021**

Appellant, Abdul Rasheed, appeals *pro se* from the July 20, 2020 Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The relevant facts and procedural history are briefly as follows. In 2016, Appellant committed a robbery in which he also shot two victims, one fatally. On May 29, 2018, Appellant entered a negotiated guilty plea to Third-Degree Murder, Aggravated Assault, Persons Not to Possess a Firearm, Carrying a Firearm Without a License, Receiving Stolen Property, False Identification to Law Enforcement, and Possession of a Controlled Substance (Heroin).[1]

On June 18, 2018, Appellant appeared for sentencing and sought to withdraw his guilty plea. The trial court denied Appellant's request, sentenced

---

[1] 18 Pa.C.S. §§ 2502(c), 2702(a)(1), 6105(a)(1), 6106(a)(1), 3925(a), and 4914(a); and 35 P.S. § 780-113(a)(16), respectively.

Appellant to an aggregate term of 23 to 46 years' incarceration, and ordered Appellant to pay $1,875 in restitution.

Appellant filed a direct appeal to this Court asserting that the trial court erred in denying his Motion to Withdraw Guilty Plea. On April 24, 2019, this Court affirmed Appellant's Judgment of Sentence. *See Commonwealth v. Rasheed*, 216 A.3d 423 (Pa. Super. 2019) (unpublished memorandum). Appellant did not seek further appellate review.

On February 10, 2020, Appellant *pro se* filed the instant PCRA Petition in which he claimed that his plea counsel had been ineffective, which resulted in Appellant entering an unlawful guilty plea. Petition, 2/10/20, at 2-4. Appellant also claimed that his constitutional rights had been violated, that the trial court erred in denying his request to withdraw his guilty plea, and that counsel was ineffective for failing to investigate self-defense witnesses. Appellant did not raise any challenges to his sentence in his PCRA Petition.

The PCRA court appointed counsel, who, on June 29, 2020, filed a *Turner*/*Finley*[2] "no merit" letter and requested leave to withdraw as Appellant's counsel. That same day, the PCRA court filed its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 and permitted counsel to withdraw. On July 10, 2020, Appellant filed a *pro se* response to the court's Rule 907 Notice. At no point did Appellant seek permission to amend his PCRA Petition to raise an illegal sentence claim.

_____

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

On July 20, 2020, the PCRA court dismissed Appellant's Petition. This *pro se* appeal followed. Appellant filed a court-ordered Rule 1925(b) Statement in which he identified 13 issues he intended to raise on appeal, including, for the first time, numerous issues pertaining to the legality of his sentence and his ability to pay fines and restitution. The PCRA court filed a responsive Rule 1925(a) Opinion.

Appellant raises the following eight issues for our review:

1. Did the trial court abuse[] its discretion in sentencing Appellant to an illegal sentence by not including fine[s] and restitution in [the]negotiated plea agreement?

2. Did [the] trial court abuse[] its discretion in failing to inform Appellant that his state sentence(s) would run consecutive to his federal sentence?

3. Was trial counsel ineffective for allowing Appellant to be sentenced to an illegal sentence where fines and restitution were not mentioned in the negotiated plea agreement?

4. Was trial counsel ineffective for allowing Appellant to enter into a defective plea agreement where Appellant was never informed that his state sentence(s) would run consecutive to his state and federal sentences?

5. Was trial counsel ineffective for allowing Appellant to enter into an illegally induced plea agreement based on Appellant's and trial counsel's irreconcilable differences?

6. Was trial counsel ineffective for his failure to investigate, interview, and call witnesses on Appellant's behalf and asserted defense?

7. Did [the] trial court fail to comply with Pa.R.Crim.P. 907(1) and Pa.R.Crim.P. 904?

8. Was PCRA counsel ineffective for failure to raise trial counsel's ineffectiveness on all of Appellant's ineffective assistance of counsel claims?

Appellant's Brief (unpaginated) (unnecessary capitalization omitted, some punctuation added).[3]

**Issues 1-4**

In his first four issues, Appellant has raised claims challenging the court's imposition of fines and restitution, complaining that he was not informed that his state sentence would run consecutive to his federal sentence, and asserting that his counsel was ineffective for "allowing" Appellant to enter in to plea under these circumstances. Appellant's Brief at 3-8. Before we address the merits of these issues, we consider whether Appellant has preserved them.

It is axiomatic that "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal." *Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007); Pa.R.A.P. 302(a) ("Issues not raised in the [lower] court are waived and cannot be raised for the first time on appeal."). *See*, *e.g.*, *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (concluding that a legality of sentence claim not raised in a PCRA petition is waived). This is because "permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA." *Commonwealth v. Santiago*, 855

---

[3] On January 12, 2021, Appellant filed, with leave of this Court, an Amended Brief. Our review of the Amended Brief indicates that it is in the nature of a response to the PCRA court's December 2, 2020 Rule 1925(a) Opinion wherein the court found that Appellant had waived on appeal his sentencing claims by not raising them in his PCRA Petition.

A.2d 682, 691 (Pa. 2004) (quoting **Commonwealth v. Bond**, 819 A.2d 33, 52 (Pa. 2002)).

Our review of the record indicates that Appellant did not raise these claims raised in his first four issues on appeal, or any claims pertaining to his sentence, in his PCRA Petition. Additionally, Appellant never sought leave to amend his PCRA Petition to include claims challenging his sentence. Because Appellant did not raise these claims in his PCRA Petition, he has waived them.

**Issue 5**

In his fifth issue, Appellant claims that his plea was involuntary because he and his plea counsel had "irreconcilable differences." Appellant's Brief at 8-9. In particular, Appellant asserts that, at the scheduled May 29, 2018 non-jury trial, his privately-retained counsel requested to withdraw as counsel and informed the trial court he was unable to continue representing Appellant. **Id.** Appellant further asserts that he requested that the court appoint him new counsel, but that the court ordered him instead to either "work out irreconcilable differences with trial counsel or present to trial *pro se* in two months." **Id.**

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

The record belies Appellant's claim that he and counsel had irreconcilable differences and that he entered into his plea involuntarily. Our

review of the record indicates as follows. At Appellant's scheduled non-jury trial, counsel requested a postponement, stating that Appellant wanted new representation due to ineffective communication. N.T., 5/29/18, at 3-4. The court indicated that it would permit Appellant to obtain new counsel if Appellant's new counsel could be ready to go to trial in two months. *Id.* at 16-17. The court recessed for Appellant to discuss with counsel how to proceed. *Id.* at 17-18. When Appellant and counsel reappeared, Appellant informed the court that he had changed his mind about retaining new counsel and that he intended to enter into a negotiated plea. *Id.* at 19. The court then colloquied Appellant who confirmed that he understood that the court would permit him to retain new counsel if he wished to do so, but had changed his mind about replacing his current counsel. *Id.* at 19-21. Appellant also confirmed that he understood the seriousness of entering into a guilty plea, and that he had had sufficient time to discuss his plea with counsel. *Id.*

The PCRA court, who also presided at the May 29, 2018 proceeding, concluded that Appellant and his counsel had resolved their differences prior to Appellant entering his guilty plea, and that Appellant's plea was voluntary.[4]

---

[4] This Court also previously affirmed on direct appeal the trial court's Order denying Appellant's Motion to Withdraw Guilty Plea, albeit on slightly different substantive grounds. **See Commonwealth v. Rasheed**, 216 A.3d 423 (Pa. Super. 2019) (unpublished memorandum) (affirming on the basis of the trial court's opinion that Appellant had not developed his allegations of innocence, coercion, and duress where the record showed he understood the nature of charges and entered plea knowingly and voluntarily).

The record supports the trial court's conclusion. Because this claim lacks merit, the PCRA court properly denied it.

**Issue 6**

In his sixth issue, Appellant asserts that his plea counsel was ineffective for failing to investigate, interview, and call witnesses to support Appellant's self-defense claim. Appellant's Brief at 9.

We presume that counsel is effective. *See Commonwealth v. Spotz*, 18 A.3d 244, 260-61 (Pa. 2011). To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." *Id.* at 260. "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012).

"To prevail on a claim of ineffectiveness for failing to call a witness, a petitioner must prove that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness' testimony was so prejudicial as to have denied him a fair trial." *Commonwealth v. Wright*, 961 A.2d 119, 155 (Pa. 2008).

Furthermore, to demonstrate prejudice

a petitioner must show how the uncalled [witness'] testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the [witness'] testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1109 (Pa. 2012) (internal citations and quotation marks omitted).

Instantly, Appellant argues that counsel was ineffective because he did not investigate or interview witnesses and was not prepared to call witnesses to substantiate Appellant's self-defense claim. Appellant's Brief at 9-11. In support, Appellant claims that counsel was ineffective for failing to interview his brother, Shaheed Tucker. *Id.* at 10. Appellant, however, has not asserted that Mr. Tucker was ready and willing to testify at trial. *Id.*

Appellant also asserts that counsel should have called the victim's uncle as a witness. *Id.* Appellant, however, does not identify the name of the victim's uncle or assert that counsel knew of him and that the victim's uncle was willing to testify for the defense. *Id.*

Last, Appellant contends that counsel should have called a toxicologist or similar expert witness. *Id.* at 11. Appellant has not, however, identified such a witness or explained how her testimony would have been beneficial to his case. *Id.*

Following its review of these claims, the PCRA court concluded that Appellant's counsel could not have rendered ineffective assistance for failing to call witnesses to advance Appellant's self-defense claim because Appellant

pleaded guilty and, therefore, did not have a trial at which counsel could have presented witness testimony. PCRA Ct. Op., 12/2/20, at 5. The record supports this conclusion[5]. Accordingly, Appellant is not entitled to relief on this claim.

**Issue 7**

In his seventh issue, Appellant claims that the PCRA court failed to comply with Pa.R.Crim.P. 907(1) and Pa.R.Crim.P. 904.[6] Appellant's Brief at 11-12. Appellant appears to argue that the trial court committed error by issuing its Rule 907 Notice on the same day it permitted Appellant's counsel to withdraw. *Id.* at 12.

Our review indicates that Appellant did not raise this issue in his Rule 1925(b) Statement and has, instead, raised it for the first time on appeal. Because Appellant did not raise this issue in his Rule 1925(b) Statement, he has waived it. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived."); *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (explaining that "any issues not raised in [a Rule 1925(b)] statement [are] waived").

_____

[5] Moreover, as set forth above, in his Brief to this Court, Appellant failed to satisfy the elements of a successful ineffective assistance of counsel claim arising from the failure to call witnesses.

[6] Rules 907(1) and 904 pertain to disposition of PCRA petitions without a hearing and the appointment of counsel, respectively.

**Issue 8**

In his final issue, Appellant asserts that his PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness on all of Appellant's ineffective assistance of counsel claims. Appellant's Brief at 13. "For the sake of time[,]" Appellant indicated that he was not restating each claim of PCRA counsel's ineffectiveness, but rather "asks this Honorable Court to review ineffectiveness of PCRA counsel under the same ineffective of trial counsel claim that [A]ppellant raises in his [B]rief." *Id.* at n.3.

In presenting this issue, Appellant has, in essence, "incorporated by reference" the claims and arguments set forth in support of his preceding issues. Our Supreme Court has categorically rejected incorporation by reference as a means of presenting an issue. *See Commonwealth v. Briggs*, 12 A.3d 291, 342–43 (Pa. 2011) (citations omitted) (stating that, where an appellant incorporates prior arguments by reference in contravention of Pa.R.A.P. 2119(a) and (b), he or she waives such claims on appeal). Because Appellant has not independently developed this claim, it is waived and we decline to address it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2021